UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA BATES, on behalf of herself
and all others similarly situated,

    Plaintiffs,

vs.

SMUGGLER'S ENTERPRISES, INC.
d/b/a LAISHLEY CRAB HOUSE, a
Florida Profit Corporation, and BRUCE
LAISHLEY, Individually,

    Defendants.
_____

CASE NO.:

2:10-cv-136-FtM-29DNF

FILED 10 MAR -2 AM 10:40 CLERK, U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FT. MYERS, FLORIDA

## COMPLAINT

COMES NOW Plaintiff, MELISSA BATES (hereinafter "Bates"), on behalf of herself and other employees and former employees similarly situated, (collectively "Plaintiffs"), by and through the undersigned counsel, and files this Complaint against Defendants, SMUGGLER'S ENTERPRISES, INC. d/b/a LAISHLEY CRAB HOUSE, a Florida Profit Corporation (hereinafter "LAISHLEY CRAB HOUSE") and BRUCE LAISHLEY, Individually, and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and claims under Section 24, Article X of the Florida Constitution and breach of oral contract to recover unpaid back wages, minimum wages, overtime wages, an

additional equal amount of liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff, MELISSA BATES, is and was a resident of Charlotte County, Florida.

4. At all times material hereto, "LAISHLEY CRAB HOUSE" was and continues to be a Florida Profit Corporation. Further, at all times material hereto, "LAISHLEY CRAB HOUSE" was, and continues to be, engaged in business in Florida, with a principle place of business in Charlotte County, Florida.

5. At all times relevant to this action, BRUCE LAISHLEY was an individual resident of the State of Florida, who owned and operated "LAISHELY CRAB HOUSE", and who regularly exercised the authority to: (a) hire and fire employees of "LAISHLEY CRAB HOUSE"; (b) determine the work schedules for the employees of "LAISHLEY CRAB HOUSE"; and (c) control the finances and operations of "LAISHLEY CRAB HOUSE". By virtue of having regularly exercised that authority on behalf of "LAISHLEY CRAB HOUSE", BRUCE LAISHLEY is an employer as defined by 29 U.S.C. 201 et seq.

6. At all times material hereto, BATES, and others similarly situated to her, were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, BATES, and those similarly situated to her, were "employees" of the Defendants within the meaning of FLSA.

8. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

9. Defendants were and continue to be "employers" within the meaning of FLSA.

10. At all times material hereto, Defendants were and continue to be "enterprises engaged in commerce" within the meaning of FLSA.

11. At all times material hereto, Defendants were and continue to be enterprises engaged in the "production of goods for commerce" within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, the work performed by the BATES, and those similarly situated to her, was directly essential to the business performed by Defendants.

14. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because BATES, and those similarly situated to her, performed services for Defendants for which no provisions were made by Defendants to properly pay BATES, and those similarly situated to her.

15. The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendants, who held similar positions to BATES and who (a) worked in excess of forty (40) hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours; and/or (b) were not paid minimum wages for all hours worked.

16. This action is intended to include each and every employee who worked for the Defendants at any time within the past three years.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to BATES, and others similarly situated to her, are in the possession and custody of Defendants.

## STATEMENT OF FACTS

18. At various material times hereto, BATES, and others similarly situated to her, worked for Defendants in excess of forty (40) hours within a week.

19. At various material times hereto, BATES, and others similarly situated to her, were not paid minimum wages for all hours worked.

20. Defendants failed to compensate BATES, and others similarly situated to her, at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week. BATES, and others similarly situated to her, should be compensated at the rate of one and one-half times their regular rate for those hours that BATES, and others similarly situated to her, worked in excess of forty (40) hours per week as required by the FLSA.

21. Defendants failed to compensate BATES, and others similarly situated to her, minimum wages for all hours worked by making BATES, and others similarly situated to her, work "off the clock".

22. Defendants have violated Title 29 U.S.C. §207 from at least August 14, 2009 and continuing to this date, in that:

    a. Plaintiff, and others similarly situated, worked in excess of forty (40) hours per week for their period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff, and others similarly

situated, for minimum wages, at their regular rate of pay, and overtime wages, at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per week as provided by the FLSA; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA.

23. BATES has retained the law firm of BERKE & LUBELL, PA to represent Plaintiff, and others similarly situated, in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff, and others similarly situated, reallege and incorporate the foregoing paragraphs of the Complaint as if fully set forth herein.

25. Plaintiff was employed with Defendants from August 14, 2009 through February 3, 2010 as a server.

26. From on or about August 14, 2009 and continuing until at least February 3, 2010, Plaintiff, and others similarly situated, worked in excess of forty (40) per work week for which Plaintiff, and others similarly situated, were not compensated at the statutory rate of one and one-half times their regular rate of pay.

27. Plaintiff, and others similarly situated, were, and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

28. At all times material hereto, Defendants failed and continue to fail, to maintain proper time records as mandated by the FLSA.

29. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidences by its failure to compensate Plaintiff, and others similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

30. Defendants have failed to properly disclose or apprise Plaintiff, and others similarly situated, of their rights under the FLSA.

31. Due to intentional, willful, and unlawful acts of Defendants, Plaintiff, and others similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32. Plaintiff, and others similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and others similarly situated, respectfully requests that judgment be entered in their favor against Defendants.

    a. Declaring, pursuant to 29 U.S.C. §§201 and 202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff, and others similarly situated, overtime compensation in the amount due to them for time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff, and others similarly situated, liquidated damages in an amount equal to the overtime award;

  d. Awarding Plaintiff, and others similarly situated to them, their reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiff, and others similarly situated, pre-judgment interest; and

  f. Order any other further relief the Court deems just and proper.

## COUNT II – RECOVERY OF MINIMUM WAGES

33. Plaintiff, and others similarly situated, reincorporate and readopt all the foregoing allegations in this complaint.

34. Plaintiff, and others similarly situated, were entitled to be paid minimum wages for each hour worked during their employment with Defendants.

35. Plaintiff was employed with Defendants from August 14, 2009 through February 3, 2010 as a server.

36. Since then, Plaintiff has demanded compensation for all hours worked, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wages for each hour worked during multiple weeks of employment with Defendants.

37. Defendants willfully failed to pay Plaintiff minimum wages for multiple weeks of work contrary to 29 U.S.C. §206.

38. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff, and others similarly situated, respectfully request that judgment be entered in their favor against Defendants.

    a.     Declaring, pursuant to 29 U.S.C. §§201 and 202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

    b.     Awarding Plaintiff, and others similarly situated, their loss of minimum wages in the amount due to them for time worked;

    c.     Awarding Plaintiff, and others similarly situated, liquidated damages in an amount equal to the loss of minimum wages award;

    d.     Awarding Plaintiff, and others similarly situated, reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.     Awarding Plaintiff, and others similarly situated, pre-judgment interest; and

    f.     Order any other further relief the Court deems just and proper.

## COUNT III
## VIOLATION OF SECTION 24, ARTICLE X
## OF THE FLORIDA CONSTITUTION

39. Plaintiff, and others similarly situated, reallege the foregoing paragraphs as if they were fully set forth herein.

40. Effective January 1, 2009, the Florida Constitution required all employers in the State of Florida subject to the FLSA to pay their employees at a minimum rate of $7.21 per hour.

41. The Defendants failed to pay the Plaintiff the minimum wage for all hours worked required by Section 24, Article X of the Florida Constitution during this time period.

WHEREFORE Plaintiff, and others similarly situated, demand judgment against Defendants, for unpaid compensation, liquidated damages, costs, attorney's fees and such other relief, as the court deems appropriate.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 26th day of February 2010.

Respectfully submitted by,

BERKE & LUBELL, P.A.

By: _____
Patrick S. Javier
Florida Bar No. 16645
patrickjavier@ymail.com
Bill B. Berke
Florida Bar No. 0558011
berkelaw@yahoo.com
1003 Del Prado Blvd., Ste. 300
Cape Coral, FL 33990
Telephone: (239) 549-6689
Facsimile: (239) 549-3331
*Attorneys for Plaintiffs*