UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA BATES, on behalf of herself
and all others similarly situated,

Plaintiff,

vs.                                    Case No.  2:10-cv-136-FtM-29DNF

SMUGGLER'S ENTERPRISES, INC. a
Florida Profit Corporation doing
business as Laishley Crab House,
BRUCE LAISHLEY, individually,

Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint and Motion to Compel Arbitration (Doc. #7) filed on March 31, 2010.  Plaintiff filed a Response (Doc. #13) on May 3, 2010.  For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

The facts underlying this case are not material to the issues raised in the motion.  The first two counts in the Complaint (Doc. #1) allege violations of the federal Fair Labor Standards Act (FLSA) for failing to pay proper overtime compensation (Count I) and failing to pay minimum wages (Count II).  In Count III, plaintiff alleges that defendants failed to pay her the state

minimum wage for all hours worked, in violation of Article 10, Section 24, of the Florida Constitution.  Count III states a cause of action based solely upon the cited provision of the Florida Constitution.

Defendants seek to dismiss Count III for failing to state a claim upon which relief can be granted. Defendants argue that plaintiff was required to comply with the notice requirement imposed by Florida Statutes, Section 448.110, but failed to do so. Additionally, defendants assert that Count III cannot be brought as a class action except pursuant to Fla. R. Civ. P. 1.220, and that plaintiff has not complied with the requirements of that rule. Finally, defendants assert that the entire matter should be dismissed or stayed in lieu of mandatory alternative dispute resolution.

## II.

In Count III, plaintiff alleges that defendant failed to pay her the Florida minimum wage for all hours she worked, as required by Article 10, Section 24, of the Florida Constitution.  Plaintiff relies solely upon this constitutional provision as the basis for her claim.  The first issue, therefore, is whether Article 10, Section 24, of the Florida Constitution creates a private cause of action.

"In order for a constitutional provision to create a private cause of action, the provision must be self-executing."  Simon v.

Celebration Co., 883 So. 2d 826, 831 (Fla. 5th DCA 2004).  A state

constitutional provision is self-executing if:

> the provision lays down a sufficient rule by means of
> which the right or purpose which it gives or is intended
> to accomplish may be determined, enjoyed or protected
> without the aid of legislative enactment.  If the
> provision lays down a sufficient rule, it speaks for the
> entire people and is self-executing.

Fla. Hosp. Waterman, Inc. V. Buster, 984 So. 2d 478, 485 (Fla.

2008) (quoting Gray v. Bryant, 125 So. 2d 846, 851 (Fla. 1960)).

Factors considered by a court include the express language

regarding self-execution contained in the constitutional provision

and whether "all key terms are defined within the amendment." Id.

at 486.  If implementing legislation is needed, a constitutional

provision is not self-executing, and therefore cannot alone be the

basis for a private cause of action.  St. John Medical Plans, Inc.

v. Gutman, 721 So. 2d 717, 718 (Fla. 1998); Williams v. Smith, 360

So.2d 417 (Fla. 1978).  However, "simply because the right

conferred by the amendment could be supplemented by legislation

does not prevent the provision from being self executing." Buster,

984 So. 2d at 485.

Article 10, Section 24, of the Florida Constitution, was added

by a referendum in the November, 2004 election.  It sets forth the

public policy of Florida to be that "[a]ll working Floridians are

entitled to be paid a minimum wage that is sufficient to provide a

decent and healthy life for them and their families, that protects

their employers from unfair low-wage competition, and that does not

force them to rely on taxpayer-funded public services in order to avoid economic hardship." Fla. Const. art. 10, §24(a).  It defines the terms "employer," "employee," and "wages" to be as defined in the FLSA.   Fla. Const. art. 10, §24(b).   The constitutional provision then requires that "Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida," sets an initial minimum wage, and provides the mechanism for an annual adjustment to the minimum wage.   Fla. Const. art. 10, §24(c). The constitutional provision then prohibits discrimination or retaliation for exercising rights protected under it.   Fla. Const. art. 10, §24(d).   Additionally, under the heading of "Enforcement," the constitutional provision provides:

> Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment and, upon prevailing, shall recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages, and shall be awarded reasonable attorney's fees and costs. In addition, they shall be entitled to such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, reinstatement in employment and/or injunctive relief. Any Employer or other person found liable for willfully violating this amendment shall also be subject to a fine payable to the state in the amount of $1000.00 for each violation. The state attorney general or other official designated by the state legislature may also bring a civil action to enforce this amendment. Actions to enforce this amendment shall be subject to a statute of limitations of four years or, in the case of willful violations, five years. Such actions may be brought as a class action pursuant to Rule 1.220 of the Florida Rules of Civil Procedure.

Fla. Const. art. X, § 24 (e).  The final relevant provision states:

> Implementing legislation is not required in order to enforce this amendment. The state legislature may by statute establish additional remedies or fines for violations of this amendment, raise the applicable Minimum Wage rate, reduce the tip credit, or extend coverage of the Minimum Wage to employers or employees not covered by this amendment. The state legislature may by statute or the state Agency for Workforce Innovation may by regulation adopt any measures appropriate for the implementation of this amendment. This amendment provides for payment of a minimum wage and shall not be construed to preempt or otherwise limit the authority of the state legislature or any other public body to adopt or enforce any other law, regulation, requirement, policy or standard that provides for payment of higher or supplemental wages or benefits, or that extends such protections to employers or employees not covered by this amendment. It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations.

Fla. Const. art. 10, §24(f).

The Court finds that Article 10, Section 24, sets forth a sufficient rule by which the right to a minimum wage in Florida may be determined, enjoyed and protected without the need or the aid of a legislative enactment.  It sets forth not just a general policy, but a specific right, i.e., the right to a mandatory minimum wage for work in Florida.  It defines key terms and identifies the specific federal law from which guidance is to be provided.  It specifically allows a civil action, and provides specific remedies, its own statute of limitations, and maintenance of an action as a class action.  Its express language indicates that it was designed to be self-executing. Fla. Const. art. X, §24 (f) ("[i]mplementing legislation is not required in order to enforce this amendment,").

While Section 24 of Article 10 does not require implementing legislation, it recognizes that there may be implementing legislation (". . . federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations." Fla. Const. art. 10, §24(f)).   Such legislation is authorized if it establishes additional remedies or fines for violations of this amendment, raises the applicable Minimum Wage rate, reduces the tip credit, or extends coverage of the Minimum Wage to employers or employees not covered by this amendment.  Id.  The Constitutional provision further indicates that it "shall not be construed to preempt or otherwise limit the authority of the state legislature or any other public body to adopt or enforce any other law, regulation, requirement, policy or standard that provides for payment of higher or supplemental wages or benefits, or that extends such protections to employers or employees not covered by this amendment."  Id.  Additionally, "The state legislature may by statute or the state Agency for Workforce Innovation may by regulation adopt any measures appropriate for the implementation of this amendment."  Id.

Accordingly, the Court finds Article 10, Section 24 is self-executing and establishes a private cause of action.  The issue becomes whether the requirements of the Florida Minimum Wage Act can be imputed to the constitutional cause of action.  The Court concludes that they cannot.

Florida Statutes Section 448.110, known as the Florida Minimum Wage Act (FMWA), purports to be "the exclusive remedy under state law for violations of [Section] 24, Art. X of the State Constitution." Fla. Stat. § 448.110 (10)(2005). FMWA requires that, "prior to bringing any claim," a plaintiff shall "notify the employer . . ., in writing, of an intent to initiate such an action," and identify specifically "the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." Fla. Stat. § 448.110 (6)(a)(2005). The employer then has 15 days after receipt of the notice to pay the owed wages, or otherwise resolve the issue to the claimant's satisfaction. Fla. Stat. § 448.110 (6)(b)(2005). Failure to do so in the allotted time entitles a plaintiff to bring their claim to court. Id. It is undisputed in this case that plaintiff did not comply with these statutory requirements.

The Florida Supreme Court has described the contours of "appropriate" legislation where there is a self-executing constitutional cause of action: "[T]he Legislature may provide additional laws addressing a self-executing constitutional scheme assuming that such laws supplement, protect, or further the availability of the constitutionally conferred right, but the Legislature may not modify the right in such a fashion that it

alters or frustrates the intent of the framers and the people."
Browning v. Fla. Hometown Democracy, Inc., PAC, 29 So. 3d 1053,
1064 (Fla. 2010) (citing Gray, 125 So. 2d at 851); see also Notami
Hosp. of Fla., Inc. v. Bowen, 927 So.2d 139, 144 (Fla. 1st DCA
2006), affirmed sub nom. Fla. Hosp. Waterman, Inc., 984 So. 2d 478
(Fla. 2008).   If an act of the legislature "violates expressly or
clearly implied mandates of the Constitution, the act must fall."
Holley v. Adams, 238 So. 2d 401, 405 (Fla. 1970).

Despite its claim otherwise, the Florida Minimum Wage Act is
not the exclusive remedy to enforce the constitutional provision.
As a self-executing constitutional scheme, Article 10, Section 24
needed no legislative action.   The cause of action created by the
Florida Constitution does not contain the notice requirements of
the Florida statute, and such requirements do not "supplement,
protect, or further the availability of the constitutionally
conferred right," but rather impermissibly modify the right in such
a fashion that it alters and frustrates the intent of the framers
and the people to provide a cause of action without the detailed
pre-suit notice.   While those requirements are appropriate for the
statutory cause of action created by the Florida Minimum Wage Act,
the Court cannot impute them to a claim premised solely upon the
constitutional provision.   The Court concludes that where, as here,
plaintiff relies solely upon Article 10, Section 24, of the Florida
Constitution to support her claim, she need not plead compliance

with the notice requirements of Florida Statutes Section 448.110 in order to state a claim upon which relief may be granted. Defendant's motion to dismiss Count III is denied.

**III.**

Defendants next argue that Count III cannot be brought as a collective action on behalf of other similarly situated persons, but may only be brought as a class action pursuant to Fla. R. Civ. P. 1.220. Since plaintiff has not complied with any of these class action requirements, defendants argue that Count III must be dismissed.

The Court is inclined to agree with plaintiff that the requirement in the Florida constitutional provision providing that "[s]uch actions may be brought as a class action pursuant to Rule 1.220 of the Florida Rules of Civil Procedure," Fla. Const. art. 10, §24(e), cannot preclude a federal class action under Fed. R. Civ. P. 23 where the state law claim is brought in or removed to federal court. Shady Grove Orthopedic Assoc. v. Allstate Ins. Co., 130 S. Ct. 143 (2010). That, however, is not what happened here. Plaintiff has not attempted to bring Count III as a federal class action, but rather as a class action akin to the collective action authorized by the FLSA. Requirements for the two types of proceedings are different and unrelated. Grayson v. K Mart Corp., 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent

of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure."); <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1259 (11th Cir. 2008).  Nothing in the cause of action created by the Florida constitutional provision suggests that a class action similar to that provided for in the FLSA is appropriate.  Indeed, by specifically referencing the requirements of Rule 1.220, the Florida Constitution provides to the contrary.  The Court finds that Count III cannot be maintained as a collective action, and has not been pled as a class action.  Paragraph 39 in Count III is modified to strike the phrase "and others similarly situated," and the motion to dismiss is otherwise denied.

**IV**.

Finally, defendants seek an order to compel arbitration based on a mandatory alternative dispute resolution clause in an employee handbook, which the defendant alleges "was provided to the plaintiff."  (Doc. #7, p. 8.)  The procedure described in the handbook is non-binding mediation.  The defendants do not provide sufficient factual assertions to support the contention that the clause binds the plaintiff.  More importantly, assuming that plaintiff is bound by this handbook provision, the provision is not "arbitration" within the meaning of the Federal Arbitration Act. <u>Advanced Bodycare Solutions, LLC v. Thione Intern., Inc.</u>, 524 F.3d

1235, 1238-41 (11th Cir. 2008).   This portion of the motion is denied.

**V.**

To eliminate the shotgun nature of Counts II and III, <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001); <u>Cramer v. State of Florida</u>, 117 F.3d 1258, 1263 (11th Cir. 1997), the Court will strike portions of those counts.  Paragraph 33 will be redacted and amended to read:  "Plaintiff, and others similarly situated, reincorporate and readopt paragraphs 1 through 23 in this complaint."  Paragraph 39 will be redacted and amended to read: "Plaintiff realleges paragraphs 1 through 23 as if they were fully set forth herein."

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion to Dismiss Plaintiff's Complaint and Motion to Compel Arbitration (Doc. #7) is **GRANTED** in part, and **DENIED** in part.  The motion is granted to the extent that Count III cannot be maintained as a collective action and has not been pled as a class action, but may remain as an individual claim by plaintiff.  The motion is otherwise denied.

2.  Paragraph 33 of the Complaint will be redacted and amended to read:  "Plaintiff, and others similarly situated, reincorporate and readopt paragraphs 1 through 23 in this complaint."

3.   Paragraph 39 of the Complaint will be redacted and amended to read: "Plaintiff realleges paragraphs 1 through 23 as if they were fully set forth herein."

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of August, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record