**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**MELISSA BATES on behalf of herself and**
**all others similarly situated,**

                      **Plaintiff,**

-vs-                                                           Case No.  2:10-cv-136-FtM-29DNF

**SMUGGLER'S ENTERPRISES, INC. a**
**Florida Profit Corporation doing business as**
**Laishley Crab House, BRUCE LAISHLEY,**
**individually,**

                      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the parties' Joint Motion for Approval of FLSA Settlement (Doc. 40) filed on March 18, 2011.  The Plaintiff, Melissa Bates and the Defendants, Smuggler's Enterprises, Inc., and Bruce Laishley are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed

settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff's work for the Defendants included taking care of customers, taking orders, serving food, cleaning, rolling silverware, and kitchen prep work. The Plaintiff was represented by counsel throughout this litigation. There are disputed issues of fact and law as to the Plaintiff's alleged claims against the Defendants. The Court reviewed the Settlement Agreement and General Release (Doc. 40-1) which is attached to the Joint Motion for Approval of FLSA Settlement (Doc. 40). The parties settled this case for a total of $6,500.00. The Plaintiff will receive a total of $1,318.51 which includes $818.51 for back wages and liquidated damages, and $500.00 for her EEOC claim. Counsel for the Plaintiff shall receive the sum of $4.663.14 as fees, and $518.35 as costs. The Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of FLSA Settlement (Doc. 40) be granted and the Settlement Agreement and General Release (Doc. 40-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in

this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __22nd__ day of March, 2011.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record